MDR

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mario Montes, ) | No. CV 07-1399-PHX-DGC (JRI) |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Officer Rodriguez, et al., ) | |
| Defendants. ) | |

Plaintiff Mario Montes, who is confined in the Maricopa County Fourth Avenue Jail, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. The Court will dismiss the action.

**I.  Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $4.50. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). Plaintiff's Complaint will be dismissed without leave to amend because, given the level of factual detail in the Complaint, the defects cannot be corrected.

## III. Complaint

In his one-count Complaint, Plaintiff sues Defendants Officer Rodriguez and Maricopa County Sheriff Joe Arpaio. Plaintiff alleges a violation of the Eighth Amendment prohibition against cruel and unusual punishment. Specifically, Plaintiff contends that, after falling asleep while waiting for Defendant Rodriguez and a nurse to return to his intake cell with his medication, he was awaked by Defendant Rodriguez yelling and cursing at him. Plaintiff states that he walked to the entrance of his cell and cursed at Defendant Rodriguez. Then, Defendant Rodriguez allegedly pushed Plaintiff, Plaintiff pushed back, and a fistfight ensued. Plaintiff states that several unidentified officers joined the fray and those unidentified officers proceeded to "take [Plaintiff] down" by jumping on him and choking and scratching him as they subdued him. Plaintiff alleges that he received scratches on his face, his neck and back were hurt by the unknown officers, and he continues to have headaches and back and neck pain. Plaintiff seeks monetary damages and wants Defendant Rodriguez to be fired.

## IV. Failure to Link Defendant Arpaio with Injuries

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the

injury and the conduct of that defendant. See Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976). To state a claim against a supervisory official, the civil rights complainant must allege that the supervisory official personally participated in the constitutional deprivation or that the supervisory official was aware of widespread abuses and, with deliberate indifference to the inmate's constitutional rights, failed to take action to prevent further misconduct. See Ortez v. Washington County, 88 F.3d 804, 809 (9th Cir. 1996); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987); see also Monell, 436 U.S. at 691-92. There is no *respondeat superior* liability under § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability. Monell, 436 U.S. at 691-92; Taylor, 880 F.2d at 1045.

Plaintiff does not allege that Defendant Arpaio personally participated in the constitutional deprivation or that he was aware of widespread abuses and, with deliberate indifference to Plaintiff's constitutional rights, failed to take action to prevent further misconduct. Nor does Plaintiff allege that Defendant Arpaio formed policies that resulted in Plaintiff's injuries. Because Plaintiff has failed to demonstrate a link between Defendant Arpaio's conduct and Plaintiff's alleged injuries, Plaintiff has failed to state a claim against Defendant Arpaio.

**V.  Failure to State a Claim**

The Fourteenth Amendment Due Process clause protects pretrial detainees from excessive force that amounts to punishment. Gibson v. County of Washoe, 290 F.3d 1175, 1197 (9th Cir. 2002). "[T]he Fourth Amendment sets 'the applicable constitutional limitations' for considering claims of excessive force during pretrial detention." Id. (quoting Pierce v. Multnomah County, 76 F.3d 1032, 1043 (9th Cir. 1996).

The Fourth Amendment does not prohibit the use of reasonable force. Tatum v. City and County of San Francisco, 441 F.3d 1090, 1095 (9th Cir. 2006). Whether the force was excessive depends on "whether the officers' actions [were] 'objectively reasonable' in light

of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Graham v. Connor, 490 U.S. 386, 397 (1989); Tatum, 441 F.3d at 1095; Lolli v. County of Orange, 351 F.3d 410, 415 (9th Cir. 2003). The Court must balance the nature and quality of the intrusion against the countervailing governmental interests. Lolli, 351 F.3d at 415. Moreover,

> [t]he "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. . . . . "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers," violates the Fourth Amendment. The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments – in circumstances that are tense, uncertain, and rapidly evolving – about the amount of force that is necessary in a particular situation.

Graham, 490 U.S. at 396-97 (citation omitted).

Plaintiff has failed to plead facts suggesting that Defendant Rodriguez's push, in response to Plaintiff walking to the cell door and cursing back at Rodriguez, was objectively unreasonable. See Graham. Plaintiff's facts show that the fistfight resulted from Plaintiff pushing Defendant Rodriguez and that the unidentified officers' restraint was necessary to restore order.

Because Plaintiff has described in significant detail the event giving rise to his cause of action, the Complant could not be cured by the allegation of other facts. Therefore, Plaintiff's Complaint will be dismissed without leave to amend. See Lopez, 203 F.3d at 1127-29.

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis*, filed with the Complaint, is **granted**.

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $4.50.

(3) The Complaint (Doc. #1) is **dismissed** for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1), and the Clerk of Court must enter judgment accordingly.

(4) The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim counts as a "strike" under 28 U.S.C. § 1915(g).

DATED this 7th day of August, 2007.

*David G. Campbell*
United States District Judge